IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

XAVIER JUWEN LACEY                                                                                              PLAINTIFF

v.                                        Civil No. 4:21-cv-04058

WARDEN JEFFIE WALKER, Miller
County Detention Center; and SHERIFF
JACKIE RUNION                                                                                                  DEFENDANTS

**<u>ORDER</u>**

On December 1, 2021, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 15). Before the Court is Plaintiff's failure to comply with orders of the Court.

Plaintiff Xavier Juwen Lacey filed this 42 U.S.C. § 1983 action *pro se* on September 14, 2021. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3). In response to this Court's order Plaintiff filed a Second Amended Complaint on October 18, 2021. (ECF No. 11).

On May 27, 2022, Defendants filed a Motion for Summary Judgment. (ECF No. 23). On May 31, 2022, the Court ordered Plaintiff to file a response to the motion by June 21, 2022. In the order Plaintiff was advised that failure to timely comply would result in dismissal of this case. (ECF No. 26). Plaintiff did not respond, and the order was not returned as undeliverable. On June 23, 2022, the Court entered an order directing Plaintiff to show cause by July 14, 2022, as to why he failed to comply with the Court's order to respond to Defendants' summary judgment motion. (ECF No. 27). This order again informed Plaintiff that failure to timely comply would result in dismissal of this case. Plaintiff did not respond, and the show cause order was not returned as undeliverable.

1

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with orders of the Court and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Second Amended Complaint (ECF No. 11) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 20th **day of July 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE